UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RITA PICONE**, | ) | CASE NO. 5:22-CV-01339 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE JENNIFER |
| | ) | DOWDELL ARMSTRONG |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION**, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

On July 29, 2022, Plaintiff Rita Picone filed a complaint seeking judicial review of Defendant Commissioner of Social Security's decision to deny her application for Social Security Disability Benefits and Supplemental Security Income. (ECF No. 1). On June 23, 2023, Magistrate Judge Jennifer Dowdell Armstrong issued a Report and Recommendation (R&R) indicating that the Court should REVERSE the ALJ's decision and REMAND this case to the Commissioner for further proceedings consistent with the R&R. (ECF No. 10).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service. Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review.

On July 21, 2023, Defendant filed objections to the R&R. (ECF No. 13). On July 24, 2023, Plaintiff opposed Defendant's objections. (ECF No. 14).

1

Defendant objected that the Magistrate Judge erred in concluding that the ALJ's 16-3p Assessment of Plaintiff's mental health symptoms was not supported by substantial evidence. (ECF No. 13, PageID #1417). Defendant alleges that the Magistrate Judge failed to conduct the proper analysis when determining whether the ALJ's error in mischaracterizing the evidence of Plaintiff's delusions was harmless error. (ECF No. 13, PageID #1420).

Plaintiff contests that the Magistrate Judge performed the harmless error analysis discussed in *Ingram v. Commissioner*, No. 1:20-CV-2692, 2022 WL 2237807, at *10 (N.D. Ohio June 22, 2022). (ECF No. 14, PageID #1426). Plaintiff argues that the Magistrate Judge properly concluded that the ALJ committed reversible error by failing to acknowledge Plaintiff's recurrent complaints of hallucinations, ignoring treatment notes that indicated Plaintiff was making no progress or minimal progress, and not providing a rationale or any discussion concerning the conclusion that Plaintiff reported mild to moderate symptoms. *Id*. Plaintiff notes that the ALJ is required to build an accurate and logical bridge between the evidence and his findings to meet the substantial evidence standard. (*Id*. at PageID #1426–27). Plaintiff alleges the ALJ did not meet this standard because his decision mischaracterizes the underlying evidence. *Id*.

In *Ingram*, the Court found that an error was harmless and did not prejudice Plaintiff if "the other reasons given by the ALJ were adequate, supported by substantial evidence, and could independently sustain the ALJ's RFC [residual functional capacity] determination." *Ingram v. Commissioner*, 2022 WL 2237807, *10 (N.D. Ohio June 22, 2022). In this case, the Magistrate Judge analyzed whether the ALJ's mischaracterizations of Plaintiff's delusions constituted harmless error, by analyzing the other reasons given by the ALJ. (ECF No. 10). She identified the other reasons as: "(1) Ms. Picone admitted seeing a positive response to her counseling session and psychotropic medications, despite her issues with not consistently taking her medications, and

(2) she reported mild to moderate level symptoms to providers." *Id*. The Magistrate Judge found that the other reasons articulated by the ALJ "do not support adopting a harmless error approach because the ALJ's conclusion that Ms. Picone reported seeing a positive response to her counseling sessions is problematic." *Id*. The Magistrate Judge alleged the reasoning was problematic because "the same treatment notes that report Ms. Picone's positive responses also include the omitted reports of hallucinations" and the same counselors assessed Plaintiff's individual progress as either "no progress" or "minimal progress" in their treatment notes. *Id*.

Defendant argues that this analysis omits the ALJ's discussion of the lack of psychiatric hospitalizations and discussion of Plaintiff's daily living activities. (ECF No. 13, PageID #1420). Defendant's position is, "notwithstanding the ALJ's failure to discuss the auditory/visual hallucinations, the RFC accounted for Plaintiff's reports." (*Id*. at PageID #1421).

In support of his residual functional capacity finding, the ALJ wrote:

> Regarding the consistency of the claimant's mental health allegations, she admitted seeing a positive response to her counseling sessions and psychotropic medications despite her issues with not consistently taking her medications, and there is no evidence of psychiatric hospitalization in the record since the alleged onset date. Additionally, the claimant reported mostly mild to moderate level symptoms to providers at Phoenix Rising and during her psychological consultative examination with Dr. Krabbe, without evidence of, delusions, obsessions, compulsions, cognitive disorder, current suicidal/homicidal ideation, or other serious issues (Exhibit 15F; 18F; 23F; 26F). Thus, there are no indications in the medical record of limitations beyond the performance of light level work with the non-exertional restrictions listed above.

(ECF No. 5, PageID #168).

The Court acknowledges that the ALJ noted Plaintiff's lack of psychiatric hospitalization as evidence in support of his RFC determination. *Id*. The analysis of Plaintiff's activities of daily living was solely mentioned in consideration of Plaintiff's alleged physical limitations. *See* (ECF No. 5, PageID #167) ("The nature and degree of pain and functional limitations alleged by the

3

claimant is not supported by medical and non-medical sources. … Moreover, the claimant engages in a variety of daily activities that indicate a greater level of functioning than alleged."). Not analyzing Plaintiff's daily activities in her harmless error assessment was not an oversight by the Magistrate Judge, because that was not a factor the ALJ mentioned when considering Plaintiff's mental health. Thus, the only uncontested factor that was not mentioned by the Magistrate Judge in her analysis was lack of psychiatric hospitalization.

The Court cannot uphold an ALJ's decision, even if there is enough evidence in the record to support the decision, when "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011). Disregarding medical evidence from Plaintiff's treatment providers is "not harmless because [it] effectively resulted in the ALJ's disregard of a substantial body of medical evidence" that may support a finding that Plaintiff is disabled. *Gentry v. Commissioner of Social Sec.*, 741 F.3d 708, 729 (6th Cir. 2014).

Looking at Exhibit 18F, cited by the ALJ, Plaintiff's May 4, 2020 psychotherapy session at Phoenix Rising noted "no progress." (*Id*. at PageID #669). During that session, Plaintiff reported that she brought a Ouija board she found in her dad's garage into her house and "[s]ince bringing it into the house, she is hearing noises and growls and grunts that are scaring her." (*Id*. at PageID #672). Plaintiff stated, "she has heard voices before" and "she gets mad with what they say." *Id*. Plaintiff also indicated she believed her daughter, Stephanie, was possessed because she saw a picture of Stephanie and a demon appeared in the picture. *Id*.

In Exhibit 23F, cited by the ALJ, Plaintiff reported in a psychotherapy session on August 17, 2020 at Phoenix Rising that, "[s]he hears distant talking when a fan is on. Sometimes it is singing." (ECF No. 5, PageID #790). Also in Exhibit 23F, notes from an August 20, 2020

psychotherapy session at Phoenix Rising state, "[c]lient reports hearing 'a humming that sounds almost like a conversation, especially when she's near a fan.' Client reports seeing lights in the sky at night. She reports they make her scared. She's worried it is an alien spaceship." (*Id*. at PageID #789). That session noted "minimal progress." (*Id*. at PageID #785). Psychotherapy notes from September 11, 2020 note "no progress" (*Id*. at PageID 775) and Plaintiff reported, "humming and whispering is back. She thinks/hopes it's her dad letting her know he's ok." (*Id*. at PageID #779). Psychotherapy notes from September 17, 2020 at Phoenix Rising note "no progress." (*Id*. at PageID #763). At that session, Plaintiff reported that she told her daughter, Erika, about the voices and Erika advised her "she needs to admit herself to some place." (*Id*. at PageID #767). Psychotherapy notes from September 24, 2020 note "minimal progress" (*Id*. at PageID #758) and Plaintiff reported "she still hears humming and growling" and "[l]ight in sky still scares client." (*Id*. at PageID #761).

In Exhibit 26F, cited by the ALJ, psychotherapy notes from January 14, 2021 at Phoenix Rising note "no progress" (ECF No. 5, PageID #952) and Plaintiff reported that her "ex and his gf are threatening to shoot up her house." (*Id*. at PageID #956). Plaintiff stated, "she put up extra lights in the back yard so she can see if someone is there." *Id*. On February 18, 2021, the progress notes states that Plaintiff "is still experiencing auditory hallucinations" and note that overall Plaintiff has made "minimal progress." (*Id*. at PageID #939–40).

The treatment notes all begin with the sentence, "[c]lient responded positively to the intervention as evidenced by the client's active engagement in session and their responsiveness to questions/activities." (ECF No. 5, PageID #672, 679, 695, 698, 761, 766, 779, 783, 789, 800, 804, 819, 828, 833, 841, 857, 860, 937, 943, 956, 960, 965, 970, 976, 987, 997, 1012). That repeated statement should not have led the ALJ to the conclusion that Plaintiff "admitted seeing a positive

5

response to her counseling sessions," when those same treatment notes consistently cite Plaintiff's individual progress as "no progress" or "minimal progress" at each session. Instead of conducting a thorough analysis of the medical evidence concerning Plaintiff's mental health, "the ALJ cherry-picked select portions of the medical record to discredit" Plaintiff's mental health concerns. *See Minor v. Commissioner of Social Security*, 513 F. App'x 417, 435 (6th Cir. 2013) (remanding due to a finding that the ALJ decision was not supported by substantial evidence because of the ALJ's failure to mention or analyze relevant evidence in the record).

The Court finds that Plaintiff's lack of psychiatric hospitalization alone does not build an accurate and logical bridge between the evidence and the result. As noted and detailed by the Magistrate Judge in the R&R, the other conclusions relied on by the ALJ to discredit Plaintiff's mental health allegations ("positive response to her counseling session and psychotropic medications" and "claimant reported mostly mild to moderate level symptoms… without evidence of delusions … or other serious issues") are discredited by the same medical records the ALJ cites in support of those conclusions. Thus, the Court concurs with the Magistrate Judge that the omission of evidence of Plaintiff's auditory/visual hallucinations is not harmless error.

Accordingly, the Court **OVERRULES** Defendant's objection and **ADOPTS** the Magistrate Judge's R&R, incorporates it fully herein by reference, and **REVERSES** the final decision of the Commissioner and **REMANDS** to the Commissioner for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Date: March 28, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

6